UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY A. WARD, | CASE NO. 1:05-CV-01618-OWW-LJO-P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM |
| v. | |
| K. SCRIBNER, et al., | |
| Defendants. | (Doc. 1) |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Rodney A. Ward ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 16, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Although plaintiff is no longer incarcerated, he was in prison when he filed this suit.

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     Plaintiff's Claims

Plaintiff is a former state prisoner who was transferred to California State Prison-Corcoran on July 8, 2005. Plaintiff alleges that on July 9, 2005, during transportation to a housing unit yard, an incident occurred between plaintiff and defendant Agguire. During the transport, a group of inmates failed to obey defendant Agguire's order to be quiet. After the inmates were unloaded and lined up against a wall, defendant Agguire demanded to know who had been talking on the bus. No one responded. Eventually, plaintiff said that he had not been talking but would take the blame. Defendant Agguire ordered plaintiff to take two steps back and after he did so, defendant sprayed him heavily with pepper spray. A doe officer subsequently sprayed plaintiff a second time. Plaintiff was then slammed on the ground, dragged, stepped on, and sprayed again.

1 Plaintiff alleges that on July 11, 2005, he was taken for x-rays and cleared by defendant
2 Hasadri for return back to the yard.  Plaintiff alleges that defendants Pinion and Villegas forced him
3 to walk approximately two miles in shackles, which was painful, and when he returned, defendant
4 Rivera told him that he was going to be put back in his cell like nothing happened.  Plaintiff was
5 issued a Rules Violation Report, but was subsequently found not guilty.

6 Plaintiff alleges that he walks with a cane now, and that an x-ray of his right clavicle taken
7 prior to the incident showed a normal, united bone, but an x-ray taken after the incident showed a
8 broken, non-united bone.  Plaintiff alleges that he has suffered pain since July 9, 2005, and has had
9 two surgeries cancelled, on September 2, 2005, and October 21, 2005.  Plaintiff alleges that
10 defendants Klarich and Smith failed to allow the repair of his bone.  Plaintiff also alleges that he has
11 hepatitis A, B, and C, and was removed abruptly from Metadone, a drug for his chronic pain, and
12 placed on a Tylenol-based medication.

13        1.     Excessive Force Claim

14 "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
15 Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v.
16 McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . .
17 . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks
18 and citations omitted).  The malicious and sadistic use of force to cause harm always violates
19 contemporary standards of decency, regardless of whether or not significant injury is evident.  Id.
20 at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force
21 standard examines de minimis uses of force, not de minimis injuries)).  However, not "every
22 malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth
23 Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional
24 recognition de minimis uses of physical force, provided that the use of force is not of a sort
25 'repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations
26 omitted).

27 "[W]henever prison officials stand accused of using excessive physical force in violation of
28 the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

3

1  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
2  Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper
3  to evaluate the need for application of force, the relationship between that need and the amount of
4  force used, the threat reasonably perceived by the responsible officials, and any efforts made to
5  temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).
6  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end
7  it." Id.

8        Plaintiff's allegations give rise to a claim for relief under section 1983 against defendant
9  Agguire and the doe officer for use of excessive force, in violation of the Eighth Amendment.
10 However, plaintiff has not alleged any facts which would support an excessive force claim against
11 any other named defendant.

12                 2.     Medical Care Claim

13       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
14 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452
15 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an
16 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
17 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
18 indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett
19 v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in
20 a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to
21 inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may
22 be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"
23 or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d
24 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,
25 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment,
26 the delay must have led to further harm in order for the prisoner to make a claim of deliberate
27 indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.
28 of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff's allegations fall short of stating a claim for denial of adequate medical care, in violation of the Eighth Amendment. Plaintiff must allege facts which would support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. The allegations that defendant Hasadri cleared plaintiff back to the yard after the x-ray and that plaintiff's surgery date was cancelled on two occasions are insufficient to give rise to a claim. With respect to the discontinuation of plaintiff's chronic pain medication, plaintiff has not alleged any facts linking a named defendant to that act and has not alleged any facts indicating that the discontinuation amounted to more than a disagreement with the course of treatment chosen by prison physicians. Similarly, plaintiff's allegation that defendants Smith and Klarich failed to allow the repair of his bone is insufficient to support a claim that either defendant knowingly disregarded an excessive risk to plaintiff.

### 3. Claim Against Defendants Pinion and Villegas

Plaintiff's allegation that defendants Pinion and Villegas forced him to walk two miles in shackles is insufficient to give rise to a claim for relief for violation of the Eighth Amendment.

///

Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.") (internal quotation marks and citations omitted).

### 4. Supervisory Liability Claim

Plaintiff alleges that defendants Warden Scribner, Captain Vella, and Sergeant Rivera are liable for his injuries under the theory of supervisory liability. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's complaint is devoid of any facts giving rise to a claim for relief against defendants Scribner and Vella. Plaintiff may not impose liability on either defendant based simply on the position he holds at the prison. With respect to defendant Rivera, although plaintiff has alleged some facts indicating Rivera knew something about the incident after the fact, plaintiff has not alleged any facts supporting a claim that Rivera personally participated in the beating, knew of the beating while it was occurring and failed to intervene, or was responsible for a policy that led to the beating. Likewise, plaintiff has not alleged any facts supporting a claim that defendant Rivera was involved in the failure to provide him with proper medical treatment. Plaintiff's bare allegation indicating that defendant Rivera knew something had occurred is insufficient to impose liability on Rivera for use of excessive force or denial of medical care under a theory of supervisory liability.

///

///

6

        5.      <u>Defendants Dihel, Garza, Hale, Ibbara, Mayo, and McKenzie</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Although they are named as defendants in the complaint, plaintiff has not alleged any facts linking acts or omissions by these defendants to the alleged violation of his rights. Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983 against defendants Dihel, Garza, Hale, Ibbara, Mayo, and McKenzie.

        6.      <u>Claim for Injunctive Relief</u>

Finally, plaintiff alleges he is seeking unspecified injunctive relief. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991). Because plaintiff was released from prison, he may not seek injunctive relief in this action.

C.    <u>Conclusion</u>

The court finds that plaintiff's complaint states a claim for relief under section 1983 against defendant Agguire and the doe officer for use of excessive force, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims

upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed only against defendant Agguire and the doe office on his excessive force claim, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Agguire.[2]

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

///

---

[2] The Marshal cannot initiate service of process on a doe defendant. Plaintiff may seek leave to amend to his complaint to identify this defendant once he has ascertained the doe defendant's name.

8

        a.    File an amended complaint curing the deficiencies identified by the court in this order, or

        b.    Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Agguire and the doe officer on his Eighth Amendment excessive force claim; and

3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   June 12, 2006**                  /s/ Lawrence J. O'Neill  
b9ed48                                  UNITED STATES MAGISTRATE JUDGE