1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT FOR THE

9                EASTERN DISTRICT OF CALIFORNIA

10

11  RODNEY A. WARD,                )        1:05-cv-01618-OWW-LJO-P
                                   )
12          Plaintiff,             )        **FINDINGS AND RECOMMENDATIONS**
                                   )        **RECOMMENDING DISMISSAL OF**
13  vs.                            )        **ACTION, WITHOUT PREJUDICE,**
                                   )        **FOR FAILURE TO OBEY A COURT**
14  K. SCRIBNER, et al.,           )        **ORDER**
                                   )
15          Defendants.            )        (Doc. 14)
                                   )
16

17      Plaintiff Rodney A. Ward ("plaintiff") is proceeding pro se

18  and in forma pauperis in this civil rights action pursuant to 42

19  U.S.C. § 1983.  On June 12, 2006, the court issued an order

20  requiring plaintiff to file an amended complaint curing the

21  deficiencies identified therein or notify the court in writing of

22  his wish to proceed only against defendant Agguire and the doe

23  officer on his Eighth Amendment excessive force claim, within

24  thirty days from the date of service of that order.  The thirty-day

25  period has passed, and plaintiff has failed to comply with or

26  otherwise respond to the court's order.

27      Local Rule 11-110 provides that "failure of counsel or of a

28  party to comply with these Local Rules or with any order of the

                                   1

1 Court may be grounds for the imposition by the Court of any and all

2 sanctions . . . within the inherent power of the Court." District

3 courts have the inherent power to control their dockets and "in the

4 exercise of that power, they may impose sanctions including, where

5 appropriate . . . dismissal of a case." Thompson v. Housing Auth.,

6 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action,

7 with prejudice, based on a party's failure to prosecute an action,

8 failure to obey a court order, or failure to comply with local

9 rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

10 1995)(dismissal for noncompliance with local rule); Ferdik v.

11 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

12 failure to comply with an order requiring amendment of complaint);

13 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

14 failure to comply with local rule requiring pro se plaintiffs to

15 keep court apprised of address); Malone v. U.S. Postal Service, 833

16 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

17 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

18 1986)(dismissal for failure to lack of prosecution and failure to

19 comply with local rules).

20      In determining whether to dismiss an action for lack of

21 prosecution, failure to obey a court order, or failure to comply

22 with local rules, the court must consider several factors: (1) the

23 public's interest in expeditious resolution of litigation; (2) the

24 court's need to manage its docket; (3) the risk of prejudice to the

25 defendants; (4) the public policy favoring disposition of cases on

26 their merits; and, (5) the availability of less drastic

27 alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

28 ///

1  1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61;

2  <u>Ghazali</u>, 46 F.3d at 53.

3       In the instant case, the court finds that the public's

4  interest in expeditiously resolving this litigation and the court's

5  interest in managing the docket weigh in favor of dismissal.  The

6  third factor, risk of prejudice to defendants, also weighs in favor

7  of dismissal, since a presumption of injury arises from the

8  occurrence of unreasonable delay in prosecuting an action.

9  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

10 factor -- public policy favoring disposition of cases on their

11 merits -- is greatly outweighed by the factors in favor of

12 dismissal discussed herein.  Finally, a court's warning to a party

13 that his failure to obey the court's order will result in dismissal

14 satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>

15 <u>v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>,

16 779 F.2d at 1424.  The court's order of June 12, 2006, expressly

17 stated: "If plaintiff fails to comply wit this order, this action

18 will be dismissed for failure to obey a court order."  Thus,

19 plaintiff had adequate warning that dismissal would result from

20 non-compliance with the court's order.

21      Accordingly, the court HEREBY RECOMMENDS that this action be

22 DISMISSED, without prejudice, based on plaintiff's failure to obey

23 the court's order of June 12, 2006.

24      These Findings and Recommendations are submitted to the United

25 States District Judge assigned to the case, pursuant to the

26 provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**

27 after being served with these Findings and Recommendations,

28 plaintiff may file written objections with the court.  Such a

1 | document should be captioned "Objections to Magistrate Judge's

2 | Findings and Recommendations."  Plaintiff is advised that failure

3 | to file objections within the specified time may waive the right to

4 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

5 | (9th Cir. 1991).

6 |

7 | IT IS SO ORDERED.

8 | **Dated:    July 31, 2006**                            **/s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES MAGISTRATE JUDGE

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |